**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUL -3 2018

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | | |
|---|---|---|
| Ray Kemerer | ) | |
| | ) | Civil Action No. 18-374 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | District Judge Mark R. Hornak |
| | ) | |
| Richard Hilliard | ) | |
| | ) | |
| Defendant | ) | |

**BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

### Table of Contents

Table of Contents............................................................................................................1

LIST OF CITATIONS....................................................................................................1

NATURE OF THE CONTROVERSY...........................................................................2

DISCUSSION..................................................................................................................3

PRAYER..........................................................................................................................7

ORDER............................................................................................................................8

CERTIFICATE OF SERVICE......................................................................................9

### LIST OF CITATIONS

Marshall v. Jerrico, 446 U.S. 238, 242 (1980) ─────────────── Footnote 9 (p. 6)

Stanwood v. Green, 22 F. Cas. 1077, 1079 (No. 13,301) (SD Miss. 1870)- p. 3, Footnote 5 (p. 4)

Revised Statutes, Title XXIV, SEC. 1979 ─────────────── Footnote 7 (p. 5)

United States Constitution, Article VI ─────────────── p3, Footnote 4 (p. 3),

United States v. LaSalle Nat'l Bank, 437 U.S. 298 (1978) ─────────── Footnote 3 (p. 3)

Civil Action No. 18-374

## BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS

### NATURE OF THE CONTROVERSY

The plaintiff asserts that the defendant has, under color of the Tax Reform Code of 1971, an act passed by the legislature of the Commonwealth of Pennsylvania (the Commonwealth), subjected, and subsequently has caused to be subjected, the plaintiff to a deprivation of rights secured by the Constitution and laws. The plaintiff further contends that the defendant's actions have made the defendant liable (in this present civil action) to the plaintiff, who has been injured by the aforementioned deprivation of said secured rights and threatened loss of property. The plaintiff, in addition, alleges that the defendant, subsequent to the filing of this present civil action, has ordered his immediate subordinates to assist in defendant's pursuit of deprivation of plaintiff's rights by ordering said subordinates to present false economic activity (related to the plaintiff) to other public employees of the Commonwealth. Plaintiff asserts that such false data regarding the plaintiff was presented to the aforementioned public employees in order that these public employees may use this false data to attempt to lay an unlawful claim on the plaintiff's property.

The defendant has filed a Motion "that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction."[1] The plaintiff disagrees with this Motion and prays that this honorable court will deny the Motion.

---

[1] Next to last paragraph (final paragraph of page 3) section III A of "BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS"

**DISCUSSION**

Defendant alleges that the plaintiff is making an "attempt to litigate or prevent a state sales and use tax assessment."[2] The plaintiff denies that he is making such an attempt. The plaintiff agrees that the Commonwealth has the authority to perform a sales and use tax assessment and agrees that, if such authority were being challenged by the plaintiff, this present civil action should be rightfully dismissed "for lack of subject matter jurisdiction." Rather, the plaintiff argues that the defendant's actions regarding such an audit have exceeded the limitations placed on government taxing authorities, as related by the U.S Supreme Court.[3] Referring to Stanwood v. Green, 22 F. Cas. 1077, 1079 (No. 13,301) (SD Miss. 1870), the Court stated

> "It is said that this is an attempt at an unreasonable seizure and search into the private affairs of the citizens, against which they are protected by the constitution. [But t]here is no attempt to investigate any of the private affairs of the Messrs. Green, only an examination into so much of their business as relates to the operations of their banking house ***and is connected with the subjects of taxation; beyond this, he has no right to institute an inquiry***." ***(Emphasis added.)***

Although the Court specifically was addressing the scope of examination authority with respect to the IRS, the issue in question was whether or not governmental taxing authority is lawful (in general) if such authority results in a citizen being subjected to "an unreasonable seizure and search" "protected by the constitution." Such a question falls within the subject matter jurisdiction of this honorable court. The defendant and his attorney are acting under their authority as officers of one of the several states and are, therefore, bound by the Constitution.[4] As such, the defendant's references to case law

---

[2] First paragraph, section III A of "BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS"
[3] United States v. LaSalle Nat'l Bank, 437 U.S. 298 (1978)
[4] United States Constitution, Article VI, "...all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution;"

Civil Action No. 18-374

involving challenges that can and should be resolved via state remedies are moot. The defendant has asserted that he has the authority to impose an arbitrary and excessive tax burden on the plaintiff based on the defendant's assertion that the plaintiff has not provided books, records, and papers relating to **all** of his alleged economic activity, whether or not such economic activity is related to subjects of taxation falling under the authority of the plaintiff in his position with the Commonwealth.[5] The plaintiff has informed the defendant that the plaintiff is not, has not, and does not fall into the same general category as, any entity related to any government or government-related entity of any kind and that the plaintiff has never and does not perform the functions of a public office or any other function related to government-privilege. The defendant has continued, also, to claim he has the authority to perform a "field visit" to examine the plaintiff's secured premises, which are not and have never been open to the general public. Defendant asserts that he can charge arbitrary tax amounts against the plaintiff in the event that the plaintiff denies access to said secured premises. It should also be noted that, on 29 March 2018, the plaintiff handed the defendant, in person, all of the plaintiff's economic information related to the sales and use tax audit for the tax periods requested. Along with the aforementioned economic information, the plaintiff handed the defendant a signed and sworn statement that the plaintiff had neither refused nor failed to provide for review by the Pennsylvania Department of Revenue, any records relevant to Pennsylvania sales and use tax for the tax periods at issue. Even though these records, which have been provided (under duress) in

---

[5] Stanwood v. Green, 22 F.Cas. 1077, 1079 (No. 13,301) (SD Miss. 1870), The southern district court of Mississippi makes clear that it was deciding an issue regarding the Constitutional rights of a private citizen, "It is said that this is an attempt at an unreasonable seizure and search into the private affairs of the citizens, against which they are protected by the constitution. [But t]here is no attempt to investigate any of the private affairs of the Messrs. Green, only an examination into so much of their business as relates to the operations of their banking house **and is connected with the subjects of taxation; beyond this, he has no right to institute an inquiry**." **(Emphasis Added.)**

their entirety as relates to the Pennsylvania sales and use tax, indicate that there is no tax due, the defendant has ordered his subordinates to provide false information to his department counterpart, resulting in a total alleged sales and use tax deficiency of $178,750.02 for the tax periods at issue.[6] The plaintiff asserts that, under color of law through the threat of a tax deficiency, the defendant has attempted, and continues to attempt, to place the plaintiff under duress in order to coerce the plaintiff into surrendering his rights as secured by the Constitution.[7] It should also be noted that records were simultaneously provided (on 29 March 2018) to the defendant, in their entirety, as related to the Pennsylvania personal income tax, indicating that there is no personal income tax due. (Similar to the issue related to sales and use tax, along with the aforementioned economic information, the plaintiff handed the defendant a signed and sworn statement that the plaintiff had neither refused nor failed to provide for review by the Pennsylvania Department of Revenue, any records relevant to Pennsylvania personal income tax for the tax periods at issue.) The defendant similarly ordered his subordinates to provide false information to the defendant's department counterpart, resulting in a total alleged personal income tax deficiency of $47,977 for the tax periods at issue.[8] Under color of law, the defendant has attempted, and continues to attempt, to place the plaintiff under duress in order to coerce the plaintiff into surrendering his rights, as secured by the Constitution.

---

[6] As provided to plaintiff by the PENNSYLVANIA DEPARTMENT OF REVENUE in correspondence dated 5 June 2018 and based on false data provided by the defendant's subordinates.

[7] Revised Statutes, Title XXIV, SEC. 1979. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[8] As provided to plaintiff by the PENNSYLVANIA DEPARTMENT OF REVENUE in correspondence dated 5 June 2018 and based on false data provided by the defendant's subordinates.

The defendant and his attorney (both officers of one of the several states) argue that the defendant can lawfully lay an arbitrary and unreasonable claim on the plaintiff's property, place the burden of proof on the plaintiff with respect to any refutation of this claim, and then place the plaintiff in an appeals process, the outcome of which would be decided by members appointed by the head of the plaintiff's organization (Pennsylvania Department of Revenue), which organization stands to gain from any decision in favor of the defendant and against the plaintiff. The United States Supreme Court makes clear that such an approach conflicts with the "Due Process Clause" of the United States Constitution.

> "The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decision making process."[9]

The defendant and his attorney assert that such a claim can be laid, and procedure followed, against the plaintiff, if the plaintiff does not provide records of all economic activity, whether or not such alleged activity is related to the tax assessments at issue.

The plaintiff would happily accept an admission on the part of these state officers (the defendant and his attorney) that the defendant is pursuing neither a civil nor a criminal case against the plaintiff (regarding the defendant's allegations of any tax deficiencies on the part of the plaintiff). If such an admission is forthcoming, the plaintiff believes the burden of proof lies with the defendant in any assertion that another type of proceeding (other than civil or criminal) is applicable to the plaintiff.

---

[9] Marshall v. Jerrico, 446 U.S. 238, 242 (1980)

## **PRAYER**

WHERFORE, it is prayed that this honorable court deny the motion to dismiss set forth by the defendant on the grounds that the plaintiff's case falls within subject matter jurisdiction of this court.

Respectfully submitted,

*[signature: Ray S. Kemerer]*

Ray S. Kemerer                    29 June 2018

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS was filed with the Court and served upon the following by first class mail:

_____
Ray S. Kemerer

Office of Attorney General
JOSH SHAPIRO (Yana L. Warshafsky -Deputy Attorney General)
Commonwealth of Pennsylvania
251 Waterfront Place, Mezzanine Level
Pittsburgh, PA 15222

29 June 2018

Civil Action No. 18-374