IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAY KEMERER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:18-cv-374 |
| v. | ) | |
| | ) | |
| RICHARD HILLIARD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge.**

Now pending before the Court is Defendant Richard Hilliard's Motion to Dismiss the

Complaint, ECF No. 1, for Lack of Jurisdiction Pursuant to Federal Rule of Civil Procedure

12(b)(1). (Motion to Dismiss, ECF No. 10). Defendant seeks dismissal of the Complaint on the

basis that this Court lacks subject matter jurisdiction over the instant case because the Tax

Injunction Act (TIA) bars United States District Courts from hearing matters regarding the

assessment, levy, or collection of "any tax under state law where a plain, speedy and efficient

remedy may be had in the courts of such State." 28 U.S.C. § 1341. For the reasons that follow,

the Motion to Dismiss is granted.

### I.     Plaintiff's Complaint

Pro Se Plaintiff Ray Kemerer filed a two-page Complaint against Defendant Richard

Hilliard in this Court on March 22, 2018. (Compl., ECF No. 1) The Complaint alleges that the

Defendant "is attempting to perform an unreasonable search of [P]laintiff's private books and

records and to seize [P]laintiff's property, under color of the Pennsylvania Tax Reform Code of

1971. . . . Defendant has taken the position that he has the authority to collect a tax against the

1

plaintiff unless plaintiff agrees to an unreasonable search (by defendant) of plaintiff's private books and records." (*Id.* ¶ IV.) Plaintiff seeks relief in the form of money damages, declaratory relief recognizing the violation, a preliminary injunction "to prevent [D]efendant from continuing his effort to perform his unreasonable search and illegally to seize [P]laintiff's property," and punitive damages. (*Id.* ¶¶ V, VI.) The Court construes Plaintiff's claim to be one brought under 42 U.S.C. § 1983, specifically asserting a violation of the Fourth Amendment, based on the "unreasonable search" language in the Complaint. No other specific causes of actions are evident from the face of the Complaint.

The Complaint is severely lacking in factual details. Although pro se plaintiffs are not held to the same standard as lawyers when the Court analyzes formal pleadings, any pleading must still contain sufficient factual allegations that, when accepted as true, "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *see also Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (recognizing that a pro se complaint must also satisfy *Twombly* and *Iqbal's* pleading standard). The Court is able to glean the context of Plaintiff's claim from Plaintiff's Brief in Opposition to the Motion to Dismiss. (ECF No. 12.) Therefore, while the Court is tempted to dismiss the Complaint without prejudice subject to the Plaintiff re-filing his Complaint with the facts provided in his Brief in Opposition and without prejudice to the Defendant re-asserting his Motion to Dismiss, it is clear that even if he did so, this Court does not have jurisdiction to entertain this suit. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) ("[W]e tend to be flexible when applying procedural rules to pro se litigants, especially when interpreting their pleadings.").

In Plaintiff's own words, Defendant has "order[ed] his immediate subordinates . . . to present false economic activity (related to the plaintiff) to other public employees of the

2

Commonwealth. . . . in order that these public employees may use this false data to attempt to lay an unlawful claim on the plaintiffs property." (Pl.'s Br. in Opp'n, ECF No. 12, at 2.) By using its authority to conduct audits, Defendant has "exceeded the limitations places on government taxing authorities" (*id.* at 3), by "asserting that he has the authority to impose an arbitrary and excessive tax burden" by requesting all records related to alleged economic activity and threatening "field visits" on Plaintiff's property. (*Id.* at 4.) Defendant's actions resulted in a tax deficiency of $178,750.02 and $47,977. (*Id.* at 5.) Plaintiff seeks damages for the amount of money that Defendant is attempting to "seize" as well as other damages. (Compl., ECF No. 1, ¶¶ V, VI.)

## II.    Standard of Law: Subject Matter Jurisdiction

In evaluating a challenge to subject matter jurisdiction under Federal Rule of Federal Procedure 12(b)(1), a court first must determine whether the movant presents a facial or a factual attack. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). Such a distinction is important because it determines how the complaint must be reviewed. S*ee Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis*, 824 F.3d at 346. A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (citation omitted). Here, Defendant makes a facial challenge because it has not disputed the validity of Plaintiff's factual claims in its Motion to Dismiss, that Plaintiff is challenging a state sales and use tax audit and assessment.

3

In considering a facial challenge, courts are to apply the same standard as on review of a Rule 12(b)(6) motion for failure to state a claim. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 299 n.1 (3d Cir. 2006) (explaining "that the standard is the same when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6)") (citation omitted).

Therefore, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff [establishes subject matter jurisdiction]." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted). "Threadbare recitals of the elements of [subject matter jurisdiction], supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.    Discussion

As a preliminary matter, this Court, like all federal courts, is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court's exercise of subject matter jurisdiction extends to all "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, Congress has the power, through legislation, to divest this Court of jurisdiction, and Congress exercised that power by enacting the TIA, 28 U.S.C. § 1341.

The TIA prohibits this Court from enjoining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Therefore, to the extent Plaintiff is challenging the assessment of the deficiencies against him or his property, the TIA clearly applies, and this Court has no jurisdiction over Plaintiff's challenges to such an assessment.

Plaintiff also challenges Defendant's alleged conduct during the auditing process, and in his Brief in Opposition, argues that such conduct is divorced from a dispute over actual assessments. (Pl.'s Br. in Opp'n, ECF No. 12, at 3.) Indeed, the Supreme Court clearly delineated the boundaries of the TIA in *Direct Marketing Ass'n v. Brohl*, where it held that a challenge related to state taxation is not barred by the TIA if the challenge does not pertain to "the assessment, levy, or collection of state taxes." 135 S. Ct. 1124, 1130–31 (2015). In *Thorp v. D.C.*, the United States District Court for the District of Columbia held that a plaintiff's challenge to the D.C.'s authority to issue summons in order to determine one's tax liability and/or possible tax fraud is part of the "'information gathering' phase of [a state's] tax administration" and is not an aspect of "assessment, levy, or collection" as defined by the Supreme Court in *Direct Marketing*. No. 18-cv-1071, 2018 U.S. Dist. LEXIS 104423, at *14 (D.D.C. June 22, 2018). Therefore, to the extent Plaintiff challenges conduct that occurs prior to "assessment," as that term is defined in *Direct Marketing*, the TIA would not apply.[1]

However, the TIA is not the only obstacle facing Plaintiff's claims. "Taxpayers are barred by the principle of comity[2] from asserting § 1983 actions against the validity of state tax systems in federal courts" if a "plain, adequate, and complete" remedy is available in state court. *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 (1981). The concept of comity restrains federal courts from hearing "claims for relief that risk disrupting state tax administration." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 417 (2010). This comity

---

[1] "[T]he Federal Tax Code has long treated information gathering as a phase of tax administration procedure that occurs before assessment, levy, or collection." *Direct Mktg*, 135 S. Ct. at 1129. "'Assessment' is the next step in the process, and it refers to the official recording of a taxpayer's liability, which occurs after information relevant to the calculation of that liability is reported to the taxing authority." *Id.* at 1130. In other words, it is the "official action taken based on information *already reported* to the taxing authority." *Id.* (emphasis added).

[2] The principle of "comity" refers to "proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44 (1971).

doctrine is "more embracive than the TIA." *Id.* at 424. In *Levin*, the Supreme Court repeated

Justice Brennan's explanation of comity in the realm of state tax collection:

> The procedures for mass assessment and collection of state taxes and for
> administration and adjudication of taxpayers' disputes with tax officials are
> generally complex and necessarily designed to operate according to established
> rules. State tax agencies are organized to discharge their responsibilities in
> accordance with the state procedures. If federal declaratory relief[3] were available to
> test state tax assessments, state tax administration might be thrown into disarray,
> and taxpayers might escape the ordinary procedural requirements imposed by state
> law. During the pendency of the federal suit the collection of revenue under the
> challenged law might be obstructed, with consequent damage to the State's budget,
> and perhaps a shift to the State of the risk of taxpayer insolvency. Moreover,
> federal constitutional issues are likely to turn on questions of state tax law, which,
> like issues of state regulatory law, are more properly heard in the state courts.

*Id.* at 422 n.2 (quoting *Perez v. Ledesma*, 401 U.S. 82, 128, n. 17 (1971) (Brennan, J., concurring

in part and dissenting in part)).

Like the plaintiff in *Thor*, Plaintiff seeks to invoke the "authority of this Court to order

prospective relief to remedy unconstitutional government actions — including, allegedly, his

claims regarding [threats of] administrative tax [inspections]." 2018 U.S. Dist. LEXIS 104423, at

*15. "Such claims are, under the doctrine of comity, more appropriately a matter for

[Pennsylvania's state] court. *Id.* at *15.

Plaintiff's claims are "inextricably intertwined with a determination of the appropriate

scope, interpretation, and application of [Pennsylvania] tax law." *Id.* at *17. The nature of

Plaintiff's allegations "would require this Court to delve into sensitive matters of state tax law,"

*id.*, as the state's ability to inspect, audit, and gather information on individuals and entities "is

clearly intertwined with the [state's] ability to administer its chosen system of taxation, including

its capacity to determine tax liability, prevent tax fraud, and ensure that its citizens are not

---

[3] The Supreme Court has also clarified that "damages actions, no less than actions for an injunction, would hale state
officers into federal court every time a taxpayer alleged the requisite elements of a § 1983 claim." Thus, "taxpayers
are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal
courts." *McNary*, 454 U.S. at 115–16.

shirking their obligations as local taxpayers." *Id.* at *18. So long as Plaintiff can seek protection of his federal rights through state remedies, and those remedies are plain, adequate, and complete, to state court he must go. *Kerns v. Dukes*, 153 F.3d 96, 101 (3d Cir. 1998); *Hill v. Carpenter*, 323 F. App'x 167 (3d Cir. 2009).

Plaintiff does not challenge the remedies in place for taxpayers to challenge Pennsylvania tax assessments or auditing procedures and conduct, along with any civil liberty violations that Plaintiff seeks to allege. Indeed, Pennsylvania has administrative and judicial remedies in place for such challenges. *See* 72 P.S. § 9702 *et seq.* These remedies provide sufficient "access to the state courts and an opportunity for meaningful review." *Gass v. Cty. of Allegheny*, 371 F.3d 134, 139 (3d Cir. 2004). Thus, this Court does not have subject matter jurisdiction over Plaintiff's claims.

## IV. Conclusion

For these reasons, Defendant Richard Hilliard's Motion to Dismiss, ECF No. 10, is granted. Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction.

_____
Mark R. Hornak
United States District Judge

Dated: July 17, 2018

cc: All parties and counsel of record

7